## BANK OF LOUISVILLE, GEORGIA, v. WHEELER et al.

In view of the pleadings in the case and the verdict rendered in answer to certain questions propounded to the jury, and the verdict rendered under direction of the court, the decree, which is excepted to on the ground that it is not in conformity to the verdict rendered, must be sustained.

No. 5225.   September 13, 1926.

---

Fraudulent Conveyances, 27 C. J. p. 679, n. 15; p. 696, n. 32.
Judgments, 33 C. J. p. 1169, n. 36; p. 1172, n. 50.

Equitable petition. Before Judge Franklin. Burke superior court. November 12, 1925.

I. J. Gay, of Burke County, Georgia, died in March, 1922, leaving nine children as his heirs at law. J. M. Gay was one of these. C. W. Kitchens and W. C. McCarver, sons-in-law of I. J. Gay, were appointed administrators of his estate. On May 23, 1922, J. M. Gay, one of the heirs at law, who was insolvent, and indebted to the Bank of Louisville, Georgia, on a note given by him to Z. T. Beckworth and by Beckworth indorsed and transferred to the Bank of Louisville, executed and delivered to C. W. Kitchens, one of the administrators, and his brother-in-law, a security deed to his one-ninth undivided interest in the estate of I. J. Gay, including lands and personalty, to secure three notes of even date for the sum of $1140.99 each, to fall due respectively October 1, November 1, and December 1, 1922. One of these notes was by C. W. Kitchens indorsed and transferred to the First National Bank of Waynesboro, one was indorsed by C. W. Kitchens and transferred to the Central Bank & Trust Corporation, of Atlanta, Georgia, and one was returned to J. M. Gay, the maker. This security deed contained a power of sale, and on the maturity of the note falling due on October 1, 1922, C. W. Kitchens, by virtue of the power of sale in the deed, advertised the one-ninth undivided interest of J. M. Gay in the landed estate of I. J. Gay, to be sold on the first Tuesday in December, 1922, at Waynesboro. On December 6, 1922, the same was sold at public outcry and was purchased by S. P. Wheeler, who was the brother-in-law of both C. W. Kitchens and J. M. Gay, for $595. In July, 1922, the Bank of Louisville filed suit in Burke superior court on its note against J. M. Gay, and had summons of garnishment served on C. W. Kitchens and W. C. McCarver as administrator of I. J. Gay. On September 11, 1923, the First National Bank of Waynesboro filed suit against J. M. Gay as maker and C. W. Kitchens as indorser on the note which had been transferred by Kitchens to them, asking that the administrators be restrained from paying out anything until they could obtain judgment, and setting up their interest in the deed made by J. M. Gay to Kitchens. J. M. Gay filed answer to this suit, setting up fraud in the procurement of the deed from him by Kitchens, etc. On March 7, 1924, the Central Bank & Trust Corporation filed suit on the note held by it, as

an intervention to the suit of the First National Bank of Waynes-boro, with practically the same prayers. To this suit J. M. Gay filed answer in the shape of a cross-bill, and asked that S. P. Wheeler be made a party also, and for injunction against Wheeler making any disposition of the interest he had purchased of J. M. Gay; and setting up fraud in the procurement of the deed by Kitchens, and also fraud in the sale, and collusion between Wheeler and Kitchens in the sale, and inadequacy of the price paid for the land, the one-ninth interest having been segregated in the meantime and found to be 188-1/2 acres of the value of $4500. At the April term, 1924, of Burke superior court the Bank of Louisville obtained judgment on its note against J. M. Gay, and, on September 6, 1924, had the same levied on one tract of the land lying in Jefferson County, Georgia, which had been purchased by S. P. Wheeler. On September 16, 1924, the American Bank & Trust Company, as executor of J. E. Chaney, filed a suit in Burke superior court against Wheeler, the First National Bank of Waynesboro, the Central Bank & Trust Corporation, J. M. Gay, C. W. Kitchens, Kitchens and McCarver as administrators of I. J. Gay, and others, attacking the deed made by Gay to Kitchens, the sale made by Kitchens under the power of sale in said deed, etc., and asking that the same be canceled for fraud, collusion, etc. On October 1, 1924, S. P. Wheeler filed a petition for injunction, etc., against the Bank of Louisville, to restrain the sale under the levy which the bank had made by virtue of its judgment against J. M. Gay, and asking that the Bank of Louisville be made a party to the several suits then pending in Burke superior court and be required to interplead in said several causes. On October 18, 1924, in Augusta, Ga., this order was granted, and the Bank of Louisville was required to interplead in said several causes. At the November term, 1925, of Burke superior court all these cases were consolidated and tried together, and the decree excepted to was rendered.

*W. L. Phillips* and *E. M. Price,* for plaintiff in error.

*E. V. Heath, G. C. Anderson, Callaway & Howard,* and *Fullbright & Burney,* contra.

BECK, P. J. (After stating the foregoing facts.) The decree to which the plaintiff in error, Bank of Louisville, excepts is based upon the special verdict of the jury in answer to questions propounded. These questions and answers were as follows: First:

"Was the deed which was executed to C. W. Kitchens by J. M. Gay made for the purpose of hindering or delaying or defrauding the creditors of J. M. Gay?" The jury answered, "Yes." Second: "If you find that the deed was made for the purpose of delaying, hindering, or defrauding the creditors of J. M. Gay, did C. W. Kitchens have notice of such intention, or ground for reasonable suspicion that such was his intention?" Answer, "Yes." Third: "Was the sale on first Tuesday in December, 1922, to S. P. Wheeler a fraudulent sale?" Answer, "Yes." Fourth: "Did S. P. Wheeler have notice of the fraud, or notice sufficient to excite his attention and put him upon inquiry?" Answer, "No." Fifth: "What amount of money do you find as rents and profits for use of said land since first Tuesday in December, 1922?" Not answered. Sixth: "What is the value of improvements, if any, made by S. P. Wheeler since he purchased it on first Tuesday in December, 1922?" Not answered.

The court directed verdicts in favor of the First National Bank of Waynesboro and the Central Bank & Trust Corporation against J. M. Gay as maker and C. W. Kitchens as indorser on the notes held by them respectively. Upon the verdict answering the questions as presented to them the court rendered the following decree: "1st. The security deed executed by J. M. Gay to C. W. Kitchens was made for the purpose of delaying or defrauding creditors of J. M. Gay, and is therefore void. 2nd. That said fraudulent purpose on the part of J. M. Gay was known to C. W. Kitchens, who participated in such fraud. It is further ordered and decreed that the sale made by C. W. Kitchens, attorney in fact for J. M. Gay, under power in the security deed above referred to, held on the first Tuesday in December, 1922, was fraudulent and void in so far as said C. W. Kitchens was concerned. It is further considered, ordered, and decreed that S. P. Wheeler, purchaser at the sale on the first Tuesday in December, 1922, was not a party to any fraudulent intent or purpose, and that he was not chargeable with any notice of any such fraud, and was therefore an innocent purchaser at such sale, and as such obtained a good title to the property purchased by him at such sale. It appearing from the answers made by the administrators of I. J. Gay's estate to the garnishment proceedings brought by the Bank of Louisville and the American Bank & Trust Company as executor of J. E. Cheney,

that there remains in their hands as administrators funds and property of J. M. Gay, one of the distributees of the estate of I. J. Gay, subject to distribution under the decree of this court, it is therefore ordered and decreed that out of said funds the claim of Mrs. Gamble and C. B. Cale be paid; that the First National Bank of Waynesboro and Central Bank & Trust Corporation shall have equal dignity and be first paid out of any funds now in the hands of said administrators, or that may come into their hands as administrators for the benefit of J. M. Gay after the claim of Mrs. Gamble, administrator of R. L. Gamble, and C. B. Cale have been paid." The plaintiff in error excepted to that portion of the decree of the court which holds that the title of S. P. Wheeler, the defendant in error, to the land purchased by him under the sale made by C. W. Kitchens as attorney in fact for J. M. Gay was a good title and not subject to the lien of the execution of plaintiff in error, on the ground that "it does not conform to the verdict rendered by the jury, and is contrary to law; the only right under said verdict and under the law to which S. P. Wheeler was entitled was to have the purchase-price refunded to him, with interest on it from day of said fraudulent sale."

We are of the opinion that the exception taken is without merit. There is no attack on the verdict in the case. The brief of evidence is not brought up in the record. The criticism above quoted is upon the ground that the decree does not conform to the verdict rendered by the jury. If the verdict had been attacked upon the ground that it did not sufficiently cover the issues in the case, and that certain questions were left unanswered, a different question for solution by this court might have been presented from that which is actually presented by this record. But the verdict being left to stand, the decree must also stand, unless it is true, as it is contended, that it does not conform to the verdict. The plain meaning of the verdict, in short, is this: That J. M. Gay executed a deed to Kitchens for the fraudulent purpose of hindering and delaying his creditors; that Kitchens, the grantee, was aware of this intention. This deed contained a power of sale, which was regularly executed by Kitchens, and Wheeler at the sale under the power bought it without knowledge of the fraud that infected the deed. The property was duly advertised, and Wheeler, the purchaser, having no notice of the fraud with which the deed

was infected, was an innocent purchaser. He had no knowledge of any fact which would put him upon inquiry of the fraud existing in the deed. In section 4535 of the Civil Code it is declared that "If one with notice sell to one without notice, the latter is protected." And in section 4120 it is declared that "A title obtained by fraud, though voidable in the vendee, will be protected in a bona fide purchaser without notice." These two sections may not be entirely applicable to the facts of this case, because Kitchens was not a vendee in the sense in which the word is used in the section last quoted, but the principle is not entirely foreign to this case; for, whether Wheeler be regarded as the purchaser from Kitchens, or from Gay through Kitchens as his attorney in fact, that is, as the grantee of the power of sale, he bought, as the jury found, without knowledge of any fraud in the deed or knowledge of any fact or circumstance that would have put him upon inquiry. And that being true, he acquired title to the property sold. It is not inequitable to thus hold against the plaintiff in error here; for if there was fraud in the deed from Gay to Kitchens, and this property was to be sold under the power contained in that instrument, the plaintiff in error should have taken steps before the sale to have the deed and the power in it set aside and canceled, if that could have been done in the face of the rights of other parties to this case. A conveyance of real or personal property; executed with intention to delay or defraud creditors, is not void where the grantee in the deed, if a purchaser for value, takes without knowledge of the fraudulent intention of the grantor and without knowledge of any fact or circumstance that would put him upon inquiry. Consequently we are of the opinion, and so hold, that the court did not err in sustaining Wheeler's claim of title and decreeing accordingly.

The plaintiff in error excepted also "to that portion of the decree which holds that the money in the hands of the administrator of I. J. Gay's estate belonging to J. M. Gay should be paid to First National Bank of Waynesboro and Central Bank & Trust Corporation." We construe this as excepting to the decree on the ground that it did not follow the verdict rendered by the jury in answer to the questions propounded. But there was a verdict in the case directed by the court, in addition to the special verdict of the jury in answer to the questions propounded. That verdict

was in favor of the Central Bank & Trust Corporation and the First National Bank of Waynesboro against J. M. Gay as maker and C. W. Kitchens as indorser. Those notes were secured by the deed which we have had under consideration. And while, as we have said above, there was a finding that the deed had been executed with intention on the part of the maker to hinder and delay his creditors, and that Kitchens was a party to this fraud, there is nothing to show that the banks to which had been transferred the notes secured by this deed knew of the fraud and that they were not innocent purchasers for value of the notes. None of the evidence is brought up in the record, and under the pleadings the decree of the court was authorized by the finding of the jury.

*Judgment affirmed. All the Justices concur.*